UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mark W. Hardy, | Court File No. 23-cv-563 JRT/JFD |
| Plaintiff, | |
| v. | **ANSWER** |
| Unum Life Insurance Company of America, | |
| Defendant. | |

---

Defendant Unum Life Insurance Company of America ("Unum"), for its Answer to Plaintiff's Complaint, states and alleges as follows: Except as hereinafter admitted, qualified or otherwise answered, Unum denies each and every matter, thing, and allegation in Plaintiff's Complaint.

1. Paragraph 1 contains Plaintiff's characterization for the relief he seeks in this action to which no response is required. To the extent paragraph 1 contains allegations of fact, they are denied.

2. With respect to paragraph 2, Unum admits that this court has subject matter jurisdiction over this dispute. Unum denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

3. With respect to paragraph 3, Unum admits that venue is proper in this district. Unum denies that remaining allegations in paragraph 3 of Plaintiff's Complaint.

4. Unum is without information sufficient to form a belief as to the allegations in paragraph 4 of Plaintiff's Complaint.

2775666

5. Unum is without information sufficient to form a belief as to the allegations in paragraph 5 of Plaintiff's Complaint.

6. With respect to paragraph 6 of Plaintiff's Complaint, Unum admits that it issued group policy no 327501 (the "Policy") to Plaintiff's employer to fund its long term disability plan. Unum denies the remaining allegations in paragraph 6 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

7. Unum is without information sufficient to form a belief as to the allegations in paragraph 7 of Plaintiff's Complaint.

8. Unum denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. Unum denies the allegations in paragraph 9 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

10. Unum denies the allegations in paragraph 10 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

11. Unum denies the allegations in paragraph 11 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

12. Unum denies the allegations in paragraph 12 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

13. Unum denies the allegations in paragraph 13 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

14. Unum denies the allegations in paragraph 14 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

15. Unum denies the allegations in paragraph 15 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

16. Unum denies the allegations in paragraph 16 of Plaintiff's Complaint. Unum affirmatively alleges that the Regulatory Settlement Agreements speak for themselves.

17. Unum denies the allegations in paragraph 17 of Plaintiff's Complaint. Unum affirmatively alleges that the Regulatory Settlement Agreements speak for themselves.

18. With respect to paragraph 18 of Plaintiff's Complaint, Unum admits that it has a claims manual. Unum denies the remaining allegations in paragraph 18 of Plaintiff's Complaint. Unum affirmatively alleges that the applicable claims manual speaks for itself.

19. Unum denies the allegations in paragraph 19 of Plaintiff's Complaint. Unum affirmatively alleges that the applicable claims manual speaks for itself.

20. Unum is without information sufficient to form a belief as to the allegations in paragraph 20 of Plaintiff's Complaint.

21. Unum denies the allegations in paragraph 21 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

22. Unum denies the allegations in paragraph 22 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

2775666

23. Unum denies the allegations in paragraph 23 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

24. Unum denies the allegations in paragraph 24 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

25. Unum denies the allegations in paragraph 25 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

26. Unum denies the allegations in paragraph 26 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

27. Unum denies the allegations in paragraph 27 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

28. Unum denies the allegations in paragraph 28 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported

restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

29. Unum denies the allegations in paragraph 29 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

30. Unum denies the allegations in paragraph 30 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

31. With respect to the paragraph 31 of Plaintiff's Complaint, Unum admits that Plaintiff worked in February 2019. Unum denies the remaining allegations in paragraph 31 of Plaintiff's Complaint.

32. Unum admits the allegations in paragraph 32 of Plaintiff's Complaint.

33. Unum denies the allegations in paragraph 33 of Plaintiff's Complaint. Unum affirmatively alleges that attending physician's statement completed by Dr. Vercellotti speaks for itself.

34. Unum denies the allegations in paragraph 34 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnoses, treatment and medically supported restrictions and limitations are contained in the records of his treating and consulting physicians and the administrative record, which speak for themselves.

2775666

35. Unum denies the allegations in paragraph 35 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record speaks for itself.

36. With respect to the paragraph 36 of Plaintiff's Complaint, Unum admits that it requested updated information concerning the Plaintiff from time to time. Unum denies the remaining allegations in paragraph 36 of Plaintiff's Complaint. Unum affirmatively alleges that the attending physician statement referenced therein and the administrative record speaks for itself.

37. With respect to the paragraph 37 of Plaintiff's Complaint, Unum admits that it continued to provide disability benefits to Plaintiff. Unum denies the remaining allegations in paragraph 37 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record speaks for itself.

38. Unum denies the allegations in paragraph 38 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record speaks for itself.

39. Unum denies the allegations in paragraph 39 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record speaks for itself.

40. Unum denies the allegations in paragraph 40 of Plaintiff's Complaint. Unum affirmatively alleges that plaintiff's correspondence to Unum speaks for itself.

41. Unum denies the allegations in paragraph 41 of Plaintiff's Complaint. Unum affirmatively alleges that plaintiff's correspondence to Unum speaks for itself.

42. Unum denies the allegations in paragraph 42 of Plaintiff's Complaint. Unum affirmatively alleges that plaintiff's correspondence to Unum speaks for itself.

43. Unum denies the allegations in paragraph 43 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record, and in particular, Robert Nosaka, M.D. report, speak for themselves.

44. Unum denies the allegations in paragraph 44 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record, and in particular, Dr. Vercellotti's response, speak for themselves.

45. Unum denies the allegations in paragraph 45 of Plaintiff's Complaint. Unum affirmatively alleges that Dr. Vercellotti's letter speaks for itself.

46. With respect to the paragraph 46 of Plaintiff's Complaint, Unum admits that it requested a review by its designated officer, Herbert Dean, M.D., and oncologist. Unum denies the remaining allegations in paragraph 46 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record speaks for itself.

47. Unum denies the allegations in paragraph 47 of Plaintiff's Complaint. Unum affirmatively alleges that Dr. Dean's report speaks for itself.

48. With respect to the paragraph 48 of Plaintiff's Complaint, Unum admits that it requested Plaintiff's job description from his employer and his employer responded. Unum denies the remaining allegations in paragraph 48 of Plaintiff's Complaint. Unum affirmatively alleges that the request and response speak for themselves.

49. With respect to the paragraph 49 of Plaintiff's Complaint, Unum admits that it requested Dr. Nosaka and Dr. Dean review occupational information. Unum denies the remaining allegations in paragraph 49 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record speaks for itself.

50. Unum denies the allegations in paragraph 50 of Plaintiff's Complaint. Unum affirmatively alleges that its December 10, 2020 correspondence speaks for itself.

51. With respect to the paragraph 51 of Plaintiff's Complaint, Unum admits that Plaintiff retained legal counsel who requested and received a copy of his administrative record. Unum denies the remaining allegations in paragraph 51 of Plaintiff's Complaint. Unum affirmatively alleges that the Plaintiff's counsel's communication to it speaks for itself.

52. With respect to the paragraph 52 of Plaintiff's Complaint, Unum admits that it provided a copy of the administrative record to Plaintiff's counsel. Unum denies the remaining allegations in paragraph 52 of Plaintiff's Complaint. Unum affirmatively alleges that the administrative record and the February 16, 2021 correspondence speak for themselves.

53. Unum denies the allegations of paragraph 53 of Plaintiff's Complaint. Unum affirmatively alleges that its February 18, 2021 correspondence to Plaintiff's counsel speaks for itself.

54. Unum denies the allegations of paragraph 54 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

55. Unum denies the allegations of paragraph 55 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

56. Unum denies the allegations of paragraph 56 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

57. Unum denies the allegations of paragraph 57 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

58. Unum admits that Plaintiff submitted an appeal. Unum denies the remaining allegations of paragraph 58 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence and evidence submitted speaks for itself.

59. Unum denies the allegations of paragraph 59 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

60. Unum denies the allegations of paragraph 60 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

61. Unum denies the allegations of paragraph 61 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

62. Unum denies the allegations of paragraph 62 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

63. Unum denies the allegations of paragraph 63 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

64. Unum denies the allegations of paragraph 64 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

65. Unum denies the allegations of paragraph 65 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

66. Unum denies the allegations of paragraph 66 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

67. Unum denies the allegations of paragraph 67 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

68. Unum denies the allegations of paragraph 68 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

69. Unum denies the allegations of paragraph 69 of Plaintiff's Complaint. Unum affirmatively alleges that the curriculum vitae speaks for itself.

70. Unum denies the allegations of paragraph 70 of Plaintiff's Complaint. Unum affirmatively alleges that the Declaration speaks for itself.

71. Unum denies the allegations of paragraph 71 of Plaintiff's Complaint. Unum affirmatively alleges that the Declaration speaks for itself.

72. Unum denies the allegations of paragraph 72 of Plaintiff's Complaint. Unum affirmatively alleges that the Declaration speaks for itself.

73. Unum denies the allegations of paragraph 73 of Plaintiff's Complaint. Unum affirmatively alleges that the Declaration speaks for itself.

74. Unum denies the allegations of paragraph 74 of Plaintiff's Complaint. Unum affirmatively alleges that the medical records speak for themselves.

75. Unum denies the allegations of paragraph 75 of Plaintiff's Complaint. Unum affirmatively alleges that the purported medical literature speaks for itself.

76. Unum denies the allegations of paragraph 76 of Plaintiff's Complaint. Unum affirmatively alleges that the vocational report speaks for itself.

77. With respect to paragraph 77 of Plaintiff's Complaint, Unum admits that its review on appeal included a medical review by Neal Greenstein, MD. Unum denies the

2775666

remaining allegations of paragraph 77 of Plaintiff's Complaint. Unum affirmatively alleges that the report speaks for itself.

78. Unum denies the allegations of paragraph 78 of Plaintiff's Complaint.

79. Unum denies the allegations of paragraph 79 of Plaintiff's Complaint. Unum affirmatively alleges that the vocational review speaks for itself.

80. Unum admits the allegations of paragraph 80 of Plaintiff's Complaint.

81. Unum admits the allegations of paragraph 81 of Plaintiff's Complaint.

82. Unum denies the allegations of paragraph 82 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

83. Unum denies the allegations of paragraph 83 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

84. Unum denies the allegations of paragraph 84 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

85. Unum denies the allegations of paragraph 85 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

86. Unum denies the allegations of paragraph 86 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

87. Unum denies the allegations of paragraph 87 of Plaintiff's Complaint. Unum affirmatively alleges that the correspondence speaks for itself.

88. Unum admits the allegations of paragraph 88 of Plaintiff's Complaint.

89. Unum denies the allegations of paragraph 89 of Plaintiff's Complaint. Unum affirmatively alleges that the cited statute speaks for itself.

90. With respect to paragraph 90 of Plaintiff's Complaint, Unum restates and realleges its responses to the preceding paragraphs in Plaintiff's Complaint.

91. Unum denies the allegations of paragraph 91 of Plaintiff's Complaint.

92. Unum denies the allegations of paragraph 92 of Plaintiff's Complaint.

93. Unum denies the allegations of paragraph 93 of Plaintiff's Complaint.

94. Unum denies the allegations of paragraph 94 of Plaintiff's Complaint.

95. With respect to paragraph 95 of Plaintiff's Complaint, Unum restates and realleges its responses to the preceding paragraphs in Plaintiff's Complaint.

96. Unum denies the allegations of paragraph 96 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's causes of action against Unum, if any, arise out of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001 et seq. To the extent Plaintiff seeks remedies or makes claims not provided for under ERISA, those remedies and claims are preempted by ERISA.

2. Plaintiff has failed to satisfy all conditions precedent to entitlement to additional benefits under the Policy.

3. Unum's decision to deny Plaintiff's claim for long term disability benefits was correct and was supported by substantial evidence.

4. Unum discharged its duties in the interest of plan participants and, in doing so, acted in accordance with the documents and the instruments governing the plan, the Policy, and any obligations that Unum may have under ERISA and the regulations promulgated thereunder.

2775666

5.  Plaintiff's entitlement to benefits, if any, is subject to offsets or limited benefit periods provisions in the Policy.

WHEREFORE, Unum Life Insurance Company of America seeks the following relief:

1.  Dismissal of Plaintiff's Complaint with prejudice.

2.  Its costs, disbursements and reasonable attorney's fees incurred herein.

3.  For such other relief as the Court deems just and equitable.

**MESSERLI & KRAMER P.A.**

Dated: March 30, 2023

By: /s/ Terrance J. Wagener
Terrance J. Wagener (#213676)
Jacob W. Elrich (399470)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-1217
Telephone: (612) 672-3600
twagener@messerlikramer.com
jelrich@messerlikramer.com

**ATTORNEYS FOR DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA**

2775666