**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MARK W. HARDY,

                        Civil No. 23-563 (JRT/JFD)

             Plaintiff,

v.

        **MEMORANDUM OPINION AND ORDER**
        **ON AWARD OF LONG-TERM DISABILITY**
UNUM LIFE INSURANCE COMPANY OF        **BENEFITS**
AMERICA,

             Defendant.

---

Denise Yegge Tataryn, **NOLAN THOMPSON LEIGHTON & TATARYN PLC**, 1011 First Street South, Suite 410, Hopkins, MN 55343, for Plaintiff.

Jake Elrich, **MESSERLI KRAMER**, 1400 Fifth Street Towers, 100 South Fifth Street, Minneapolis, MN 55402; Terrance J. Wagener, **DEWITT LLP**, 901 Marquette Street, Suite 2100, Minneapolis, MN 55402, for Defendants.

Plaintiff Mark W. Hardy initiated this action against Defendant Unum Life Insurance Company of America ("Unum") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, alleging that Unum improperly terminated his long-term disability benefits. In September 2024, the Court concluded that Unum improperly terminated Hardy's long-term disability benefits, and the Court ordered Unum to, among other things, reinstate Hardy's disability benefits and pay Hardy retroactive benefits. The parties submitted their respective positions on four issues related to the award of benefits. After careful review of the parties' positions, the Court will find that (1) Unum satisfied the Court's September 2024 Order by paying Hardy

retroactive benefits in the amount $90,445.98 on November 3, 2025; (2) an interest rate of 4.37 percent applies to the retroactive benefits; (3) consistent with the Court's September 2024 Order, Hardy is entitled to prospective benefits, and he is entitled to such benefits until Unum determines that Hardy is no longer disabled under the long-term disability policy; and (4) Hardy is entitled to $11,027.12 in benefits and $543.07 in interest for the period of September 2, 2024 through December 31, 2024, and Hardy's prospective benefits from January 1, 2025 through September 1, 2025 may not be reduced by Hardy's estimated 2025 bonus but may be adjusted only upon receipt of Hardy's proof of earnings.

## BACKGROUND

In September 2024, the Court concluded that Unum improperly terminated Hardy's long-term disability benefits after he was diagnosed with and received treatment for multiple myeloma, an incurable cancer.  *Hardy v. Unum Life Ins. Co. of Am.*, Civil No. 22-563, 2024 WL 4043540, at *16 (D. Minn Sept. 4, 2024).  The Court ordered Unum to reinstate Hardy's long-term disability benefits, pay Hardy benefits retroactively to the date of termination, and award Hardy reasonable attorney's fees, costs, and prejudgment interest.  *Id.* at *19.  The parties disagreed on the amount of the benefits owed and the reasonableness of attorney's fees.  The Court ordered Unum to pay Hardy $93,565 in attorney's fees and $450 in costs.  (Mem. Op. and Order on Benefits Owed and Att'y's Fees and Costs at 19, Sept. 9, 2025, Docket No. 72.)  In addition, the Court ordered the

parties to meet and confer to recalculate the amount of benefits owed and prejudgment interest. (*Id.*)

Despite being ordered to submit a proposed joint proposed judgment, the parties submitted separate proposals. Hardy submitted a "Joint" Report Regarding Proposed Judgment, asserting that he is entitled to $73,438.51 in benefits from December 11, 2020, to September 1, 2024, and $37,862.97 in benefits from September 2, 2024 to September 1, 2025, assuming an interest rate of 4.37 percent. (Joint Report Regarding Proposed J. ¶ 1, Oct. 7, 2025, Docket No. 75; Decl. of Denise Y. Tataryn ¶¶ 3, 6, Oct. 7, 2025, Docket No. 76.)

Unum then separately submitted a declaration, asserting that Hardy was entitled to $81,481.99 in benefits for the period of December 11, 2020, through September 1, 2024, assuming an interest rate of 4.96 percent. (Decl. of Terrance J. Wagener ("Wagener Decl.") ¶¶ 4, 6 Oct. 10, 2025, Docket No. 78.) But Unum contends that benefits after September 1, 2024, are not payable "because of the date of the judgment and because there is no proof of ongoing disability in the record." (*Id.* ¶ 7.) However, if benefits after September 1, 2024, are payable, Unum's position is that Hardy is entitled to $11,027.12[1] for the period of September 2, 2024 to December 31, 2024 and $21,978.84[2] for the period of January 1, 2025 to September 1, 2025. (*Id.* ¶¶ 8–9.) Unum reasons that Hardy's benefit

---

[1] $2,756.78 per month x 4 months = $11,027.12

[2] (4 months x $2,638.04 per month) + (4 months x $2,856.67 per month) = $21,978.84

from January 1, 2025, to September 1, 2025, should be reduced to account for his anticipated bonus in December 2025, in an amount equal to his 2024 bonus, $23,500.00. (*Id.* ¶¶ 8–9.)

In light of the parties' disagreements, the Court once again ordered the parties to meet and confer and submit a proposed joint judgment regarding the amount of benefits owed and the proper amount of prejudgment interest (Docket No. 81). Instead of submitting a proposed joint judgment, the parties submitted a document outlining their respective positions on four issues (Docket No. 82). The Court will address each issue in turn.

## DISCUSSION

### I.   RETROACTIVE BENEFITS FROM DECEMBER 11, 2020, TO SEPTEMBER 1, 2024

On November 3, 2025, Unum paid Hardy $90,445.98. (Parties' Respective Positions on Proposed Joint J. ("Parties' Positions") at 1, Nov. 4. 2025, Docket No. 82.) Unum contends that this payment satisfies the Court's September 2024 Order, which required Unum to pay Hardy the unpaid long-term disability benefits from the date Unum terminated the benefits through the date of the Order.[3] (*Id.*) Even though Unum's calculations are higher than Hardy's, Hardy asks the Court to order Unum to provide its calculations to Hardy so that Hardy can assess their accuracy. (*Id.* at 1–2.)

---

[3] *See Hardy*, 2024 WL 4043540, at *19 ("Defendant is ordered to pay Plaintiff damages in the amount of all his unpaid long-term disability benefits from the date of termination to the present . . . .").

Given that Unum's retroactive benefit calculations exceed Hardy's calculations, the Court will find that Unum has complied with the relevant portion of the Court's September 2024 Order by paying Hardy $90,445.98.

## II.    INTEREST CALCULATION

The parties agree that interest on the retroactive benefits owed should be calculated at a rate of 4.37 percent. (Parties' Positions at 2.) Accordingly, the Court will find that an interest rate of 4.37 percent applies.

## III.    BACK BENEFITS FROM SEPTEMBER 2, 2024, TO PRESENT

The parties disagree over whether Hardy is entitled to prospective benefits following the Court's September 2024 Order. Unum argues that the Order does not award prospective benefits because (1) it does not expressly do so, and (2) the Policy requires ongoing proof of disability, and there is no evidence for Unum or the Court to evaluate on or after September 1, 2024, to determine whether Hardy is entitled to further benefits. (Parties' Positions at 2.) The Court disagrees with Unum on both fronts.

First, in Paragraph 4 of the Order for Judgment, the Court ordered Unum "to reinstate Plaintiff's long-term disability benefits," which is another way of saying that Hardy is entitled to prospective benefits. *Hardy*, 2024 WL 4043540, at *19. This interpretation is supported by the fact that in Paragraph 3 of the Order for Judgment, the Court ordered Unum to pay Hardy retroactive benefits. *Id.* Read together, these paragraphs show that the Court addressed both retroactive and prospective benefits.

Second, as previously noted by the Court, "Hardy does not have an ongoing duty to prove his disability," and thus, Unum must "reinstate Hardy's benefits until Unum determines that Hardy is not disabled under the Policy." *Id.* at *16; *see also id.* at *1 ("The Court will order Unum to . . . resume paying Hardy's disability benefits.").

Accordingly, the Court will order Unum to pay Hardy benefits from September 2, 2024, to the present and continuing thereafter. Hardy is entitled to disability benefits until Unum determines that Hardy is no longer disabled under the terms of the Policy.

## IV. AMOUNT OF BACK BENEFITS AFTER SEPTEMBER 1, 2024

Having concluded that Hardy is entitled to prospective benefits, the Court must address the parties' disagreements regarding the amount of such benefit.

### A. September 2, 2024, through December 31, 2024

Unum asserts that to the extent Hardy is entitled to prospective benefits, he is entitled to $11,027.12 for the period between September 2, 2024, through December 31, 2024, with $543.07 of interest. (Parties' Positions at 3; *see also* Wagener Decl. ¶ 8.) Hardy neither agrees nor disagrees with the calculation because "the indexed base monthly earnings factor is dependent on the prior years' calculations." (Parties' Positions at 3.)

As the parties acknowledge in their submission, the amount calculated by Unum exceeds the amount Hardy submitted to the Court in October 2025. Accordingly, the Court will award Hardy the higher amount: $11,027.12 in benefits and $543.07 in interest.

**B.    January 1, 2025, through September 1, 2025**

Unum submits that Hardy's benefits for the period from January 1, 2025, through September 1, 2025, total $21,978.84, with accrued interest of $513.12 calculated through November 1, 2025. (Parties' Positions at 3–4.) But Unum argues that the amount of benefits should be reduced by Hardy's anticipated December 2025 bonus—which they argue is likely to be an amount equal to his 2024 bonus, $23,500.00. (*Id.*) If Hardy receives a smaller bonus, Unum states that it "will adjust the 2025 payments to reflect the change." (*Id.* at 4.) Hardy counters that Unum may not apply Hardy's anticipated bonus prospectively because the Section IV of the Policy states that: "Proof of the insured's monthly earnings must be given to the Company on a quarterly basis. Benefit payments will be adjusted upon receipt of this proof of earnings."[4] (*Id.* at 4.)

The Court agrees with Hardy. Unum's approach contradicts the Policy. Under the Policy, Hardy is required to submit proof of earnings on a quarterly basis, after which Unum may adjust the benefit amount. The Policy does not permit Unum to estimate the amount of Hardy's bonus and adjust his benefits. Unum, therefore, may not estimate Hardy's bonus and apply it prospectively to decrease its payment. Consistent with the Policy, Hardy must submit proof of his monthly earnings, which includes any bonus that Hardy may earn, on a quarterly basis. Unum may adjust the benefit payments only upon receipt of Hardy's proof of earnings.

---

[4] (Policy at 15, Feb. 29, 2024, Docket No. 28-5.)

The Court notes that the parties have likely expended more in attorneys' fees litigating these issues than the amount separating their respective positions. Accordingly, the Court strongly encourages the parties to try resolve any remaining issues before seeking further relief from the Court.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Unum complied with the Court's September 2024 Order by paying Hardy $90,445.98 in retroactive benefits on November 3, 2025, covering the period from December 11, 2020, through September 1, 2024.

   a. An interest rate of 4.37 percent applies to the retroactive benefits.

2. Consistent with the Court's September 2024 Order, Hardy is entitled benefits from September 2, 2024, to present and continuing thereafter, and he is entitled to such benefits until Unum determines that Hardy is no longer disabled under the Policy.

   a. Hardy is entitled to $11,027.12 in benefits and $543.07 in interest for the period of September 2, 2024, through December 31, 2024.

      b.  Hardy's benefits from January 1, 2025, through September 1, 2025, may

         not be prospectively reduced by Hardy's estimated 2025 bonus but may

         be adjusted only upon receipt of Hardy's proof of earnings.

DATED:  January 6, 2026                     ___/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                   United States District Judge